### 2716. WILLIAMS *v.* THE STATE.

DECIDED JANUARY 24, 1911.

Accusation of cheating and swindling; from city court of Hazlehurst—Judge Padgett.   May 21, 1910.

*King & Dell,* for plaintiff in error.

*James R. Grant, solicitor,* contra.

---

### 2717.   WILLIAMS *v.* THE STATE.

1. As a matter of law, one may defraud and cheat another a second or third time by the same false representations in relation to the same matter, within a period of 30 days, or other limited time, even though it might ordinarily be improbable, as a matter of fact, that such was the case.

2. The question presented by the defendant's plea of former jeopardy raised an issue of fact as to the identity of the pending charge with the former charge of similar name and nature upon which he had been tried.   The issue of fact thus presented was fairly submitted.   The effect

of the jury's finding upon the traverse of the plea of autrefois acquit was to declare that the similar statements alleged in both cases to have been made by the defendant as to the same fact were made upon separate and distinct occasions as to different work, and resulted in separate and distinct advances of credit, neither being dependent upon the other; in other words, that the statements of the quantity of work done, and its character, by which the prosecutor was alleged to have been defrauded, related to different times and were followed by independent results, entirely disconnected with each other, except in so far as each might be alike injurious to the person alleged to have been defrauded.

DECIDED JANUARY 24, 1911.

Accusation of cheating and swindling; from city court of Hazlehurst—Judge Padgett. May 21, 1910.

*King & Dell,* for plaintiff in error.

*James M. Grant, solicitor,* contra.

RUSSELL, J. The defendant filed a plea of former jeopardy, and to this there was a traverse. Upon the trial of the issue thus raised, the jury found against the plea of former jeopardy. Exception is taken to the judgment refusing a new trial. There was a minor error upon the trial, but under our view of the record it could not have affected the result. The whole case turned upon whether the charge set forth by the indictment, upon which it sought to arraign the defendant, was the same, as a matter of fact, as that referred to in the previous accusation against him for cheating and swindling. The defendant was tried in the county court upon the accusation, and acquitted. Both the accusation and the indictment referred to representations alleged to have been made by the defedant to one S. W. Johnson, and the alleged fraudulent statement attributed to the defendant in each case was that he had chipped nine thousand boxes for turpentine, when in truth and in fact he had not chipped the entire crop. In each accusation it is alleged that the statement was false, and that by reason of the false statement the prosecutor had been induced to make advances which had not been repaid, and thereby he had suffered loss. The accusation alleged false representations to have been made on the 17th of April, 1909, and the indictment depended upon the fact that the prosecutor was defrauded by representations made on the 15th of May, 1909; though, of course, the difference of date does not show that the alleged two transactions were not one and the same.

In one of the charges against the defendant, the amount of which it is alleged the prosecutor was defrauded is $2.60, and in the other

$4.85; and, of course, these differences are not conclusive of the fact that the statements do not relate to the same transaction. However, there being these minor differences, it further appears from the record that not only does the prosecutor testify that these two accusations related to two distinct fraudulent representations, entirely disconnected from each other (except in the fact that he believed the statements of the defendant each time, and was twice defrauded), but the defendant himself (while he denies that the statement by him was false, or that the defendant was defrauded) admits that he did make the two separate and distinct statements to the prosecutor that he had chipped over the entire crop of turpentine boxes; i. e. as to two separate chippings of the same crop of boxes. Therefore, it does not appear that these statements related to the same transaction; and however improbable it may be that one could be a second time defrauded by the same statement, with relation to the same object, and made by the same person within 30 days, it is perfectly possible, as a matter of law, for such to be the case. The finding of the jury upon the plea of former jeopardy is supported.                      *Judgment affirmed.*